NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E. W., by and through his mother L.W.; L. W., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE OF HAWAII DEPARTMENT OF EDUCATION; KEITH HAYASHI, Interim Superintendent of the Hawaii Public Schools, <br><br> Defendants-Appellees. | No.   23-15549 <br><br> D.C. No. 1:21-cv-00486-JMS-WRP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaiʻi
J. Michael Seabright, District Judge, Presiding

Submitted June 14, 2024[**]
Honolulu, Hawaiʻi

Before:  CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

E.W., a student with a disability, through his mother, L.W., appeals from the

District Court's determination that the State of Hawaiʻi Department of Education

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

offered E.W. an appropriate Individualized Education Plan (IEP) and thus offered him a Free Appropriate Public Education (FAPE) as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*. On appeal, E.W. proffers three procedural challenges to his IEP: (1) the process failed to involve discussion of the appropriateness of his access to non-disabled students; (2) there was insufficient discussion of his behavioral needs; and (3) there was insufficient consideration of his transitional needs in changing from a private program to a public program. Both the Administrative Hearing Officer (AHO) and the District Court determined that these matters were adequately considered and further held that they did not render the IEP less than adequate. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The IDEA requires that states provide FAPEs to disabled students through IEPs that are developed in meetings that include the local educational agency, the child's teacher, and the child's parents. *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 181–82 (1982). A parent dissatisfied with a proposed IEP, after exhausting administrative remedies, may file a civil action in a district court. 20 U.S.C. § 1415(i)(2)(A).

A court applies a preponderance of the evidence standard when reviewing a challenge to the IEP and gives the agency's decision deference. *Rowley*, 458 U.S. at 206; *Van Duyn v. Baker Sch. Dist.*, 502 F.3d 811, 817 (9th Cir. 2007). The court

gives particular deference to a hearing officer's findings that are thorough and careful. *J.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010).

In determining whether a student has been denied a FAPE, we first ask whether the school district violated the IDEA either procedurally or substantively. *Rowley*, 458 U.S. at 206. If we find a violation of the IDEA's procedures, we then consider whether the violation denied the student a FAPE because not all procedural violations are actionable. *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 909 (9th Cir. 2008).

We review de novo questions of law, including the question of whether an IEP provides a FAPE, and review "the district court's findings of fact for clear error, even when they are based on an administrative record." *Doug C. v. Hawaii Dep't of Educ.*, 720 F.3d 1038, 1042 (9th Cir. 2013).

**1**. E.W.'s access to non-disabled students was discussed at the February 4, 2021 meeting and E.W. was scheduled to attend the entire summer school day with other students even though his special needs classes took only a portion of the day. Thus, any deficiency in the discussion of E.W.'s access to non-disabled peers did not deny E.W. an adequate FAPE.

**2**. The failure to include E.W.'s Behavioral Intervention Plan (BIP) in his IEP did not deny him a FAPE. In contrast to *Department of Education v. L.S. ex rel. C.S.*, No. 18-CV-00223, 2019 WL 1421752 (D. Haw. Mar. 29, 2019), on

which E.W. relies, E.W.'s BIP was developed with his mother's participation and cannot be changed without her knowledge. The IEP, moreover, provides for additional appropriate behavioral supports and interventions.

**3.** E.W. has not shown that there was insufficient consideration of his transitional needs moving from a private school to a public school. Transition services are not required to be included in an IEP. *See, e.g.*, *James M. ex rel. Sherry M. v. Hawai'i, Dep't of Educ.*, 803 F. Supp. 2d 1150, 1164 (D. Haw. 2011); *B.B. ex rel. J.B. v. Hawai'i, Dep't of Educ.*, 483 F. Supp. 2d 1042, 1056–57 (D. Haw. 2006). The record shows that L.W. participated in discussions of transition services and that E.W. will receive such services as he may require through quarterly meetings, Applied Behavioral Analysis services from a Board-Certified Behavioral Analyst, and an assigned Registered Behavioral Technician.

E.W. has not overcome the deference due to the AHO and District Court's determinations that L.W. was fully involved in the development of E.W.'s IEP and that there were no procedural deficiencies. Nor has E.W. shown that the AHO and District Court erred as a matter of law in concluding that neither E.W.'s BIP nor the transition services had to be incorporated into the IEP. Finally, even if L.W. could show some procedural deficiency, E.W. would not be entitled to relief as there is no showing that any alleged deficiency caused a loss of educational opportunity, seriously infringed on L.W.'s opportunity to participate in the

4

decision-making process, or caused a deprivation of educational benefits. *See* 20 U.S.C. § 1415(f)(3)(e)(ii). The District Court's order affirming the AHO's findings of fact and conclusions of law is **AFFIRMED**.